**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-62387-BLOOM**

MAGNO FRANCISCO BARRERA,

Petitioner,

v.

WARDEN, BROWARD TRANSITIONAL CENTER, *et al.*,

Respondents.
_________________________________/

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court upon *pro se* Petitioner Magno Francisco Barrera's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. ECF No. [1]. Petitioner alleges that he has been unlawfully detained in Immigration and Customs Enforcement ("ICE") custody. *Id.* Petitioner states that his detention is governed by *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258 (11th Cir. 2026), and requests immediate release or a custody hearing as required by 8 U.S.C. § 1226(a). *Id.* at 2.

Respondents acknowledge that *Hernandez Alvarez* is binding precedent and that Petitioner may request a bond hearing. ECF No. [6] at 4–5. However, Respondents argue that the Petition should be dismissed for failing to exhaust available administrative remedies because Petitioner did not request a bond redetermination hearing, and requesting a bond hearing from an Immigration Judge would not be futile. *Id.*

Petitioner replies that exhaustion is not jurisdictional and requiring exhaustion would be futile. ECF No. [7] at 3.

Based on Respondents' acknowledgement that *Hernandez Alvarez* is binding and Petitioner is entitled to a bond hearing, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus, **ECF No. [1]**, is **GRANTED, in part** and **DENIED in part**.
2. If Respondents have not yet provided Petitioner with a bond hearing, within seven (7) days of the date of this Order, Respondents must either: (1) provide Petitioner with a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a), at which the Government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerousness or risk of flight; or (2) release Petitioner from custody, under reasonable conditions of supervision.
3. Respondents must, within 24 hours of the bond hearing, file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.
4. If Respondents have already provided Petitioner with a bond hearing, **by November 12, 2026**, Respondents shall file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.
5. Petitioner may separately file a request for attorneys' fees and costs under the Equal Access to Justice Act (EAJA).
6. The Clerk of Court shall **CLOSE** this case.
7. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 8, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Magno Francisco Barrera
A# 094275549
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073
PRO SE